# **EXHIBIT A**

# STATE COURT OF COBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  22-A-1290

$198.00 COST PAID

Campbell, Meredith

_____
**PLAINTIFF**

VS.

Isphording, Gary
Wright Transportation Inc.
Doe, John
Doe, Jane
ABC Corp
XYZ Corp

_____
**DEFENDANTS**

## SUMMONS

TO: WRIGHT TRANSPORTATION INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Vangelis Zafiroulis**

**8237 DUNWOODY PLACE BLDG. 18
ATLANTA, Georgia 30350**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of April, 2022.**

Clerk of State Court

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1

ID# E-HZ3AVGZM-XBS
EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**22-A-1290**

APR 15, 2022 11:33 AM

Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MEREDITH CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO: |
| WRIGHT TRANSPORTATION INC., ) | |
| GARY ISPHORDING, JOHN DOE, ) | |
| JANE DOE, ABC, CO. and XYZ, CO. ) | |
| ) | |
| Defendants, ) | |
| ) | |

## COMPLAINT

COMES NOW, MEREDITH CAMPBELL (Plaintiff), by and through the undersigned counsel and hereby files this Complaint against WRIGHT TRANSPORTATION and GARY ISPHORDING (Defendant) and shows this Honorable Court as following:

### INTRODUCTION

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

1.

Served with this Complaint are Plaintiff's Interrogatories to Defendant, Plaintiff's Request of Production to Defendant, and Plaintiffs' Request for Admission to Defendant.

### PARTIES, JURISDICTION AND VENUE

The preceding paragraphs and allegations are hereby incorporated herein by reference as if fully set forth herein.

2.

Plaintiff Meredith Campbell is an individual and resident of Cobb County, Georgia and submits to the jurisdiction and venue of this Court.

3.

Jurisdiction is proper as to Defendant Wright Transportation, Inc., ("Wright"), as Defendant Wright is a out-of state corporation, pursuant to O.C.G.A § 9-10-91, as Defendant Wright's employee committed a tortious act within the state of Georgia.

4.

Jurisdiction is proper to Defendant Isphording because Defendant committed a tortious act while in the state of Georgia.

5.

Defendant Wright is a foreign corporation existing under the law of Alabama, with its principal place of business in Alabama, and may be served with a copy of this Complaint and Summons at 2333 Dauphin Island Parkway, Mobile, Alabama, 36605.

6.

Venue is proper as to Defendant Isphording, is a resident of Alabama, conducted a tortious act in the State of Georgia, and may be served at 111 E. Tally Court, Mobile, Alabama, 36606 and is subjected to the jurisdiction of this court.

7.

Pursuant to O.C.G.A § 9-10-91, jurisdiction and venue are proper in this Court.

### FACTS APPLICABLE TO ALL CLAIMS

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

8.

On or about June 19, 2020, the date of her injuries, Plaintiff was the driver in the vehicle, 2013 Hyundai Sonata.

9.

On or about June 19, 2020, Plaintiff was traveling southbound on I-75 Expressway, near the intersection of Big Shanty Road, in an area within Cobb County, Georgia.

10.

At approximately the same time, Defendant Isphording was operating his vehicle, a 2019 Kenworth T-680, while traveling southbound on I-75 Expressway, near the intersection of Big Shanty Road, in an area within Cobb County, Georgia.

11.

As Plaintiff was traveling on the roadway, Defendant attempted to merge into Plaintiff's lane of travel, Defendant failed to ensure that there were no cars in his blind spot as he changed lanes, and collided into the rear end of Plaintiff's vehicle.

12.

The impact described in Paragraph 11 caused Plaintiff to sustain multiple injuries to her body, requiring extensive and subsequent medical treatment.

## COUNT I – NEGLIGENCE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

13.

The automobile collision, described in Paragraphs 1-11, above constitutes the basis for this cause of action. Plaintiff's injuries and damages, as set forth below were proximately caused by

the negligent and careless conduct of Defendant in one or more of the following respects in failing to avoid the aforementioned automobile collision.

11.

Defendant owed Plaintiff a duty to obey the traffic laws of Georgia and to operate his vehicle with reasonable care.

12.

Defendant breached his duty owed to Plaintiff by failing to use reasonable care while operating his vehicle and by failing to avoid the collision described in Paragraphs 1-11.

13.

As a direct and proximate result of the Defendant's negligence, Plaintiff will incur future medical expenses, in an amount to be proven at trial, for the treatment of the injuries caused solely by the negligence of the Defendant.

14.

Plaintiff is entitled to recover of Defendant such reasonable sums as compensatory, general and special damages as may be shown by the evidence.

15.

Plaintiff was without fault in causing the aforementioned incident.

## COUNT II– NEGLIGENCE PER SE

Plaintiff hereby incorporates by reference the allegations contained in this Complaint for Damages and reasserts said allegations as if fully set forth herein.

16.

Defendant Isphording willfully, negligently, or otherwise failed to act as an ordinary prudent person in obeying the traffic laws and regulations of Georgia.

17.

Defendant violated Georgia Law, when he failed to ascertain that such movement into another lane change could be made with safety.

18.

Defendant violated laws which were meant to protect innocent victims such as Plaintiff to protect unnecessary accidents and auto collisions such as the one in this action

19.

As a direct result of Defendant's failure to abide by the traffic laws of Georgia, Plaintiff suffered serious physical, emotional and financial damages.

20.

Additionally, as a direct and proximate consequence of the injuries sustained from Defendant's negligence, Plaintiff has medical bills from the diagnosis and treatment of her injuries in an amount to be determined at trial as well as property damage for an amount to be determined at trial.

**WHEREFORE**, the Plaintiff prays:

1. That Defendant be served with summons, process and a copy of this Complaint as provided by law;

2. That Plaintiff obtain judgment against the Defendant for general and special damages as determined at trial as well as costs of litigation and expenses;

3. That the Plaintiff be granted a trial by jury as to all triable issues in this cause; and

4. For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 15th day of April 2022.

                                **HAUG LAW GROUP, LLC**

                                */s/ Vangelis Zafiroulis*
                                Vangelis Zafiroulis
                                Georgia Bar No.: 547832
                                William T. "Billy" Joyner
                                Georgia Bar No.: 222755
                                *Attorneys for Plaintiffs*

8237 Dunwoody Place
Atlanta, Georgia 30350
Phone: 470-258-1322
Fax: 678-528-2999
Email: wjoyner@hauglawgroup.com
Email: vangelis@hauglawgroup.com